## ORA C. TAYLOR v. WILLIAM MANWARING.

### Labor debts.

A stockholder is not liable as for a labor debt for money due under a contract with the corporation, whereby the contractor is to carry on certain quarrying operations at his own expense and for a period of years, in a quarry owned by the corporation, and deliver rock to the corporation at certain rates.

Case made from Kent. Submitted April 11. Decided April 19.

ASSUMPSIT. Defendant had judgment. Affirmed.

*E. A. Maher* for plaintiff.

*T. J. O'Brien* for defendant.

CAMPBELL, J. This is an action against a stockholder of the Grandville Plaster Company for what is claimed to be a debt for labor performed for the corporation. The amount due accrued under a written contract whereby Taylor agreed for one year, which was afterwards extended for five years, to take out and deliver the plaster rock from the quarry of the company at certain places and in a certain manner agreed upon. In doing this the plaintiff was to uncover the rock and deposit the shale at his own expense in separate sheds to be provided by the company, and to leave uncovered at the end of his contract as much rock as was open when he began. For all this work he was to receive pay for so much plaster rock as he got out and delivered, at the

rate of sixty cents a ton, estimated by measurement at six tons to the solid cord. Monthly estimates were to be made and signed by plaintiff and the company superintendent, and payments made of all but ten per cent., which amount was to be reserved as security. Some other particulars are unimportant.

We do not think this arrangement can be properly treated as labor performed for the corporation, in the meaning of the Constitution and statutes declaring stockholders liable for labor debts. This was an independent contract whereby, instead of quarrying for themselves, the authorities of the corporation let out the entire work for a long time to plaintiff, who was to carry it on in his own way and by his own servants and agents over whom the company retained no control. It was neither more nor less than farming out the chief quarrying operations of the company to a stranger, who was no more the corporation servant than if the quarry had been leased to him on a royalty. His pay was received not for the amount of labor done but for the amount of stone delivered at the proper places provided for, and so long as he made this delivery and kept the refuse disposed of, the corporation had no voice in his proceedings. It is possible there may be labor within the statute in some cases where the work is done by the job, but where such an entire disposal of management exists as appears here we think the case is clearly not one of labor.

The judgment must be affirmed with costs.

The other Justices concurred.